UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: JOHN J. ROBERTSON,

                          Debtor.        BANKR. CASE NO.00-32520
_____/        Chapter 7
                                                 Honorable Walter Shapero

LIBERTY BIDCO INVESTMENT CORP.,

                          Appellant,      CIVIL CASE NO. 06-11591

v.                                               HONORABLE PAUL V. GADOLA
                                                 U.S. DISTRICT COURT
JOHN J. ROBERTSON.,

                          Appellee.
_____/

**OPINION AND ORDER
AFFIRMING THE DECISION OF THE BANKRUPTCY COURT**

Appellant Liberty Bidco Investment Corporation ("Liberty") appeals the March 30, 2006 opinion and order of the bankruptcy court which sustained the objections of Appellee John J. Robertson's ("Robertson") as to Liberty Bidco's claim. For the following reasons, the Court will affirm the order of the bankruptcy court.

**I.     Background**

In January 1996, Liberty provided a loan to Enamelcote Industries, Inc. ("Enamelcote"), in the amount of $400,000. In July of 1998, Liberty made another loan to Enamelcote in the amount of $100,000. Both loans were personally guaranteed by Debtor John J. Robertson and other individuals not relevant to the instant matter. Ultimately, Enamelcote, Inc. defaulted on the loan.

Emmet Coating Services, Inc., ("ECS", and formerly known as Emmet Industries, Inc.) subsequently purchased a portion of Enamelcote Industries' business.  ECS agreed to assume Enamelcote Industries' obligation on the loan by Liberty.  This agreement was memorialized by the parties' Loan Assumption Agreement.  The Agreement also included a provision that required Liberty to use "commercially reasonable efforts" to collect the balance of the loan, originally made to Enamelcote and guaranteed by Robertson and others, from its personal guarantors.  ECS subsequently defaulted on the loan.

Liberty filed suit against ECS in Michigan state court, seeking to collect on the outstanding loan debt by seeking a portion of ECS's accounts receivable.  Considering the cause of action, Macomb County Circuit Court Judge Deborah Servitto found that, because Liberty failed to fulfill its contractual obligation under the LAA to use "commercially reasonable efforts" to otherwise collect on the balance of the loan, Liberty had materially breached the LAA.  Accordingly, Judge Servitto found that ECS's liability to Liberty was to be offset by the amount Liberty could have otherwise collected.  Because the offset amount was greater than ECS's liability, ECS's was "relieved of any debt to [Liberty]."   Order Granting Emmet Coating Services, Inc Mot. for Summ. Disp., No. 2001-1354-CK (Macomb Co. Cir. Ct. Jan. 17, 2003).  Liberty appealed the ruling of Judge Servitto and the Michigan Court of Appeals affirmed the ruling on January 13, 2005.  *Liberty Bidco Investment Corp. V. Emmet Coating Serv., Inc. f/k/a Emmet-Enamelcote Co.*, Docket No. 246681, 2005 Mich. App. LEXIS 52; 2005 WL 77120 (Mich. App. Jan. 13, 2005).

During the intervening time, Robertson filed a voluntary petition pursuant to Chapter 7 of

Title 11 of the United States Code on December 13, 2000.  Liberty subsequently filed a proof of claim in the bankruptcy court.  On June 20, 2003, and March 29, 2004 Debtor filed an objections to Liberty's claim, objections that were later amended by a July 6, 2004 objection.  On July 14, 2004 the bankruptcy court held a hearing on the Debtor's objection to Liberty's claim.

On March 24, 2006, the bankruptcy court issued an opinion and order sustaining Debtor's objection to Liberty's claim.  Bankruptcy Judge Walter Shapero found that Debtor Robertson had been released of liability to Liberty when the underlying debt of ECS to Liberty was extinguished.  Furthermore, Judge Shapero found that because the issue of the validity of the underlying debt had already been litigated, Liberty was estopped from re-litigating the issue in the federal court.  Therefore, Liberty could not now challenge the validity of the debt as to Robertson in bankruptcy court.

Liberty now appeals the opinion and order of the bankruptcy court.  Liberty argues that the bankruptcy court incorrectly found that the extinguishment of ECS's obligation to Liberty also extinguished Roberson's obligation to Liberty.

**II.     Standard of Review**

 "District courts review a bankruptcy court's conclusions of law de novo." *In re McNamara*, 275 B.R. 832, 835 (E.D. Mich. 2002) (Gadola, J.).  "A district court will not disturb a bankruptcy court's findings of fact, however, unless those findings were clearly erroneous." *Id*. *See also In re Charfoos*, 979 F.2d 390, 392 (6th Cir. 1992).  "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' "

*United States v. Mathews (In re Mathews)*, 209 B.R. 218 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City*, *North Carolina,* 470 U.S. 564, 573 (1985)).

**III.     Analysis**

The bankruptcy court found that

> Robertson, as a guarantor, was to step into the shoes of ECS if there was a default on the loan.  The state trial court ruled that there was a setoff against he loan owed by ECS in an amount greater than the balance of the loan, thus extinguishing any debt owed, and the Court of Appeals affirmed, ruling that because of the actions of Liberty Bidco, [ECS] was 'relieved from its obligation and not required to prove setoff.'  *Liberty Bidco Investment Corp. V. Emmet Coating Services, Inc.*, slip op. at 9.

*In re John J. Robertson*, No. 00-32520, slip op. at 5 (Bankr. E.D. Mich. Mar. 24, 2006).  The bankruptcy also court held that because "the obligation to pay the underlying debt was cancelled in a state court final judgment, and because the elements of issue preclusion are met, Robertson, as a guarantor, was likewise released of liability. *Id.* at 1.

This Court finds no errors in the bankruptcy court decision.  Judge Shapero correctly recited the elements of issue preclusion and properly applied them in the instant case.  *See Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845-46 (Mich. 2004); *In re John J. Robertson*, at 3-7. Judge Shapero carefully examined the state court proceedings and found that the state court determined that ECS was relieved of the obligation to Liberty on the Enamelcote loan.  During the state cause of action the parties had a full and fair opportunity to litigate the issue.  Judge Shapero also found that Robertson, as a guarantor of the Enamelcote loan, was to step into the shoes of ECS, and was therefore the same party as ECS for issue preclusion purposes. Accordingly, both Robertson and ECS were together bound by the state court judgment, no

matter whether that ruling was favorable or unfavorable to ECS. Therefore, because "a guarantor is discharged by operation of law from further liability by any act on the part of the guarantee which extinguishes the principal contract ," *First National Bank and Trust Co. Of Ann Arbor v. Dolph*, 283 N.W. 35-38-39 (Mich. 1938) (citations omitted), when "the underlying debt on the Enamelcote loan was extinguished, the guarantee was also extinguished." *In re John J. Robertson*, at 7. Restated, when the state court relieved ECS of the Enamelcote loan debt, Robertson too was relieved of any obligation to Liberty and Liberty was precluded from re-litigating the issue in federal court..

After a review of the bankruptcy court opinion and order, the briefs of the respective parties, and the corresponding bankruptcy record, this Court finds no error. Both the conclusions of law and findings of fact of Judge Shapero were sound. Therefore, this Court will affirm the opinion and order of the bankruptcy court.

**IV.  Conclusion**

**ACCORDINGLY, IT IS HEREBY ORDERED** that, for all the reasons set forth above, the order of the Bankruptcy Court, entered March 24, is **AFFIRMED**.

**SO ORDERED.**

Dated:   January 25, 2007                         s/Paul V. Gadola
                                                  HONORABLE PAUL V. GADOLA
                                                  UNITED STATES DISTRICT JUDGE

5

Certificate of Service

I hereby certify that on   January 25, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                    Paul C. Smith; David A. Wecker                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                       .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845